IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DANNY CLINE | § | |
| | § | |
| v. | § | A-13-CV-794-LY-AWA |
| | § | |
| TEXAS PAROLE BOARD, et al. | § | |

ORDER AND REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff Danny Cline's ("Cline") Motion for Default Judgment (Dkt. No. 20); Defendants Janet Lathum, Sunday Okwu, and Anita Douglas's ("Movants") Motion to Quash (Dkt. No. 22); and Cline's Response to Movants' Motion to Quash (Dkt. No. 23). The District Court referred the above, dispositive motion to the undersigned Magistrate Judge for a report and recommendation and the above, nondispositive motion to the undersigned Magistrate Judge for resolution pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules.

In their motion, Movants argue that Cline has failed to follow the proper procedure for effecting service under both state and federal law. More specifically, Movants contend that Cline has failed to properly effect service because he personally mailed the summons. *See* Dkt. No. 22, Exhibit A. In response, Cline submits that Movants have waived any objections to service by not raising their objections within thirty days. Dkt. No. 23. Cline emphasizes that Movants are not complaining that they have not received a copy of the summons and complaint, but merely that they were not served properly. *Id.*

After reviewing the relevant case law and the record in this case, the Court agrees with Movants. Both the federal and state rules are unambiguous in stating that a person who is a party to a particular lawsuit may not effect service of the summons and complaint. *See* FED. R. CIV. P.

4(c)(2); TEX. R. CIV. P. 103. Federal Rules of Civil Procedure 4(c)(2) explicitly provides that service may be effected by "[a]ny person who is at least 18 years old and *not* a party" to the suit. In this case, the record clearly demonstrates that Cline was the individual who mailed the summons and complaint to Movants in this instance. Dkt. No. 22, Exhibit A. However, Cline is the plaintiff in this suit and consequently, cannot effect service. Furthermore, in this Court's previous order directing Cline to serve Movants, *see* Dkt. No. 10, the Court strongly encouraged Cline to consult the Western District of Texas's Pro Se Manual ("Manual"), and provided the link for the manual. Among other things, it outlines the process for serving a summons. *See*, STEP-BY-STEP GUIDE at 14 (Apr. 21, 2009), *available at* http://www.txwd.uscourts.gov/ProSe/Documents/prosemanual.pdf.

To the extent Cline argues that Movants have waived any objections to service by failing to respond within 30 days, his claim is misguided. First, Cline cites no legal authority for his assertion that Movants waived their objections when they failed to file them within 30 days. Rather, objections to "service of process must be raised in a timely fashion, i.e., *as a party's first pleading in the case*, or they are waived." *See Broadcast Music, Inc. v. M.T.S. Enter., Inc.*, 811 F.2d 278, 281 (5th Cir. 1987) (emphasis added). Additionally, "objections to service are [also] waived if not raised in the answer or pre-answer motion." *Resolution Trust Corp. v. Starkey*, 41 F.3d 1018, 1021 (5th Cir. 1995). Here, the Motion to Quash was the first pleading filed by Movants in this case. In the motion, Movants specifically raised issues of improper service. *See* Dkt. No. 22. Thus, while it would certainly have been better practice for Movants to have filed their motion earlier, they have not waived their objections to proper service.

Accordingly, the Court hereby **GRANTS** Defendants Janet Lathum, Sunday Okwu, and Anita Douglas's Motion to Quash (Dkt. No. 22). The Court further **RECOMMENDS** that the District Judge **DENY** Cline's Motion for Default Judgment (Dkt. No. 20).

## I.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this the 27th day of August, 2014.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE